IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HUDSON INSURANCE COMPANY, et al.   :
                                :
                                :
v.                              :   Civil No. CCB-13-1505
                                :
                                :
KRISHNA KUMARI, et al.          :
                                :

**MEMORANDUM**

     Benaka, Inc., has won a substantial judgment against the defendants in this case. It now moves to compel Bharath Kortagere and Krishna Kumari to comply with outstanding post-judgment discovery requests and to sanction their failure to do so.

     Federal Rule of Civil Procedure 69(a)(2) authorizes a judgment creditor to obtain discovery "[i]n aid of the judgment or execution." Consistent with that authority, Benaka served on Kortagere and Kumari interrogatories and requests for production on January 5, 2015. (*See* Mot. Sanctions Ex. A, ECF No. 74-1.) Those discovery demands sought information concerning Kortagere and Kumari's assets and liabilities, for the purpose of evaluating their ability to satisfy the judgment. The matter is somewhat urgent; Benaka believes that Kortagere, Kumari, or both "may be seeking to dissipate assets in order to avoid paying this judgment." (Mot. Sanctions 4, ECF No. 74.) That belief is reasonable. It derives from Benaka's past experience with the defendants, whom it successfully sued for misuse of contract funds and who have dragged their feet in producing a mortgage on their property intended to ensure satisfaction of the judgment.

     Despite the urgency of the matter and Benaka's repeated reminders, Kortagere and

Kumari did not timely respond to those discovery requests.[1] They returned unsigned interrogatory answers and certain requested documents via email on March 2—nearly two months after they were initially served, 25 days after the deadline imposed by Federal Rules of Civil Procedure 33(b)(2) and 34(b)(2)(A), and 10 days after the filing of this motion. (*See* Opp. Mot. Sanctions Ex. 1, ECF No. 75-1.) They now argue that their production moots that motion. (*See* Opp. Mot. Sanctions 1, ECF No. 75.)

Benaka replies, however, that their responses remain incomplete. As their lawyer acknowledged via email on March 18, Kortagere continues to assemble relevant documents. (*See* Reply Mot. Sanctions Ex. A, ECF No. 76-1.) And certain of their interrogatory answers are inconsistent with other facts known to Benaka. For example, when asked to "[l]ist any and all financial accounts" held in the last three years, Kumari answered that she held only one bank account listed solely in her name. (*See* Reply Mot. Sanctions Ex. B, Kumari Interrogatory Answers 3–4, ECF No. 76-2.) In July 2013, however, Benaka successfully attached a separate account at an entirely different bank, the existence of which Kumari does not acknowledge in her interrogatory answer. (*See* Answer to Writ of Garnishment, ECF No. 19.) For his part, Kortagere represented that the lease on his property in Washington, D.C., would expire in December 2015, even though the lease he produced in discovery indicates that it will expire January 31, 2016. (*Compare* Reply Mot. Sanctions Ex. E, Kortagere Interrogatory Answers 5, ECF No. 76-5, *with* Reply Mot. Sanctions Ex. F, Lease 1, ECF No. 76-6.)[2] Similarly, Kortagere represented in his interrogatory answer that he has never conveyed for less than its market value

---

[1] Benaka's efforts are described in their Local Rule 104(7) certification, as well as other papers attached to their motion. (*See* ECF No. 74-5.)

[2] The detail is significant insofar as Kortagere has previously indicated to Benaka's counsel that he would suffer severe financial penalties if he liquidated the property while it remained occupied. (*See* Reply Mot. Sanctions Ex. G, ECF NO. 76-7.)

or for nominal consideration any property within the last five years.  (*See* Kortagere Interrogatory Answers 8.)  According to the documents Kortagere produced, however, he conveyed his interest in Ritchie Road II LLC, which he had once capitalized with $735,000, to his one-time partner, Aaron Ruderman, for $10 in June 2014.  (*See* ECF No. 76-8.)[3]  Given the evident incompleteness of their initial responses and productions, Kortagere and Kumari will be ordered to supplement those initial responses and productions within 14 days of the issuance of this memorandum and accompanying order.

Kortagere and Kumari offer no explanation for their tardy response to Benaka's discovery requests, let alone their continued failure to comply completely with those requests.  The closest thing to an explanation included in the record is their counsel's email response to Benaka's *second* reminder about the requests, which counsel sent on February 9, 2015.  There, lawyer David Cohen writes "candid[ly]" that he "saw an envelope come in and I thought it was only a duplicate of what have been filed with the court [sic]."  (*See* Reply Mot. Sanctions Ex. C, ECF No. 74-3.)  As this court previously explained in denying the defendants' motion to reconsider its grant of summary judgment in favor of Benaka, Cohen's "private confusion, which did not spring from any objective circumstance he has identified," is no excuse for failure to comply with applicable deadlines.  (*See* Mem. 7, ECF No. 61.)

Where, as here, a court grants a motion to compel production of disclosures and discovery materials—"or if the disclosure or requested discovery is provided after the motion

---

[3] Some of Benaka's allegations of dishonesty appear unjustified, however.  Benaka argues that Kortagere and Kumari wrongly indicated that they were named parties in only one lawsuit in the past five years, a representation allegedly inconsistent with publicly accessible court documents.  (*See* Reply Mot. Sanctions 2, 3 n.3.)  Benaka's interrogatory, however, asked the defendants to list only those suits in which they were named as "plaintiff, counter-plaintiff, cross-plaintiff or judgment creditor."  (*See* Kumari Interrogatory Answers 5; Kortagere Interrogatory Answers 5–6.)  The question did *not* solicit information as to suits in which either defendant was initially named as a *defendant* and never filed a cross-claim.  Kortagere and Kumari's answers are thus consistent with the public records Benaka appends to its reply.

was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless one of the three enumerated exceptions applies.  Fed. R. Civ. P. 37(a)(5)(A).[4]  Accordingly, Benaka may file within 28 days of the date of the issuance of this memorandum and accompanying order a motion for reasonable attorney's fees, supported by appropriate documentation.  As warranted, Kortagere, Kumari, and their counsel, Cohen, may be jointly and severally liable for those fees.

      Accordingly, Benaka's motion for sanctions will be granted.

      A separate order follows.

April 2, 2015                                                                                                                /S/
Date                                                                                       Catherine C. Blake
                                                                                         United States District Judge

---

[4] Specifically, the Rule precludes the assessment of attorney's fees if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A).